Eastern Dist.
June, 1838.

STINSON ET AL.
vs.
SCHOONER
PENNSYLVANIA.

the verdict be set aside, and the case remanded for a new trial, with instructions to the judge not to refuse to receive in evidence, the correspondence mentioned in the bill of exceptions, and that the plaintiff pay the costs of this appeal.

---

### STINSON ET AL. vs. SCHOONER PENNSYLVANIA.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Freighters or shippers of goods have a privilege on the vessel, for the amount of damages occasioned by the failure in delivering the goods, through the fault of the captain.

Where the master and owner of a vessel lands goods at an intermediate port and ships them to the place of destination on board another vessel, without the consent of the shipper, and they are lost, he is liable for the loss.

This is an hypothecary action against the schooner Pennsylvania, instituted by the plaintiffs as the payees and holders of two bills of exchange, amounting to one thousand six hundred and twenty-eight dollars each, which were drawn by J. A. Delarue, the captain and owner of the schooner Pennsylvania, and their payment secured by a mortgage, or hypothecation of said vessel.

The plaintiffs applied for an order of seizure and sale against the schooner, and prayed that she be sold at public sale, to satisfy and pay their said demand.

The mate and crew of the vessel put in a joint opposition to the plaintiffs' claims, and set forth their several demands for wages and money due to them by her, which they claim by privilege. Several other claimants, and among them J.

M. De Bolli, put in their claims for advances and other demands. De Bolli claims six hundred and thirty dollars for a shipment of goods to Brazoria, in Texas, on board said schooner, and which were lost before they reached their destined port. There was judgment dismissing his claim, and he appealed.

EASTERN DIST.
June, 1838.

STINSON ET AL.
vs.
SCHOONER
PENNSYLVANIA.

The facts of the case, so far as they apply to this claim, and which was the only one contested before this court, are fully stated in the opinion which follows.

*Elmore* and *King*, for the appellant, insisted on the following points :

1. In cases in which the master of a vessel unites in his person, the additional capacity of consignee of goods shipped, the liability of the vessel for those goods, in the event of their being lost in consequence of improper acts of the master, will depend upon the capacity in which the master performed those acts. 2 *Livermore on Agency, p.* 213, 217, 218 and 222.

2. During the voyage, the master could not lay aside his capacity as master of the vessel. *Kendrick* vs. *Delafield,* 2 *Caine's Reports, p.* 72.

3. The vessel is liable, if the acts of the master by which the goods were lost, were done for her benefit, and not on account of the goods. 2 *Livermore on Agency, p.* 215.

4. The acts of the master, in consequence of which the goods were lost in the present case, were done for the sole benefit of the vessel, and she is liable. See testimony of J. A. Delarue in the statement of facts.

*Harrison, contra.*

*Carleton, J.,* delivered the opinion of the court.

This action is founded on an hypothecation upon the schooner Pennsylvania, executed in favor of the plaintiff, to secure the payment of two bills of exchange, the first of which not having been paid at maturity, an order of seizure and sale was, therefore, obtained against the schooner.

EASTERN DIST.    Various claims were filed against the proceeds of sale
June, 1838.    while in the hands of the sheriff, among which was that of
STINSON ET AL.   J. M. De Bolli, for six hundred and thirty dollars, the value
vs.    of merchandize which, he alleges, was shipped on board of
SCHOONER
PENNSYLVANIA.    the schooner, and never delivered.    There was judgment
against him and he appealed.

At the trial in the court below, De Bolli exhibited, in
support of his pretension, the following contract, and bill of
lading :

" I, the undersigned, captain and owner of the schooner
Pennsylvania, at the port of New-Orleans, do hereby certify,
that I have received on board of my schooner, of Mr. J. M.
De Bolli, as per bill of lading, fifty-three boxes, one cask
and two bales of merchandize, consigned to me on the
following conditions :

" 1st. I will endeavor to sell said goods at the port of
Brazoria, or other places in Texas.

" 2d. To return with the vessel all such goods as I could
not sell there.

" 3d. To bring with me the proceeds of such goods as are
sold.

" 4th. To charge no freight or commission on the sales,
or on the goods which I may be obliged to return.

5th. The whole of the goods, as per invoice, belonging to
said J. M. De Bolli, my only interest thereof, will be one half
profits, derived from the sale, by reason of which I shall
make no charge, as stated in the item No. 4."

The bill of lading is as follows :

" Shipped in good order and well conditioned, by J. M.
De Bolli, in the schooner called the Pennsylvania, whereof
J. A. Delarue is master, now lying in the port of New-
Orleans, and bound for Brazoria, in Texas ; that is to say,
fifty-three boxes, one cask, two bundles merchandize, being
marked and numbered as in the margin, to be delivered in
the like order and condition, at the aforesaid port of Brazoria,
Texas, (the dangers of the sea only excepted,) unto J. A.
Delarue, to be returned by the same vessel the unsold, as
well as proceeds of the sold, he or they paying freight for

the same, as per agreement, on his returning to this place, with primage and average accustomed, in witness thereof the master of the vessel hath affirmed to three bills of lading, all of this tenor and date, one of which being accomplished, the others to stand void." (Signed,) "J. A. DELARUE."

Eastern Dist.
June, 1838.

STINSON ET AL.
vs.
SCHOONER
PENNSYLVANIA.

The facts of the case, which are mostly drawn from Delarue himself, show, that when the vessel reached Velasco, at the mouth of the Brazos, he was tempted by the offer of a cargo and passengers, to return immediately to New-Orleans, and that he transhipped the goods for Brazoria, their place of destination, in a steam-boat which was sunk on the way, and most of the goods lost.

The counsel for the claimant, De Bolli, relies on article 3204–11, of the Louisiana Code, which "gives a privilege for the amount of damages due to freighters, for the failure in delivering goods through the fault of the captain or crew."

*Freighters or shippers of goods have a privilege on the vessel, for the amount of damages occasioned by the failure in delivering the goods, through the fault of the captain.*

In ordinary cases of shipment, when the goods were not delivered through the misconduct of the owners of the vessel or their agent, the application of this law would be unattended with difficulty ; but in the case before us, Delarue was the commander and owner of the vessel, and by his contract with the shipper, became supercargo, and participator or partner in the profits on the sale of the merchandize, which he undertook to transport free of charge.

It is insisted, by the counsel of plaintiff, that the captain acted as the agent of the shipper, in forwarding the goods in a steam-boat to Brazoria, for a market, while the counsel for De Bolli, contends, that he acted as master of the vessel and for the benefit of the owner, in procuring thereby, an immediate return cargo for New-Orleans.

But we are relieved from all doubt upon the subject, by the declaration of Delarue himself, who stated, when asked why he landed the goods at Velasco, that he thought it was for the interest of the vessel to land there, and that he had no other object in view.

The act, therefore, proceeded from him as master and owner of the vessel, and not as supercargo ; this being the

EASTERN DIST.
June, 1838.

REGNIER
vs.
LA. STATE
MARINE AND
FIRE INS. CO.

*Where the master and owner of a vessel lands goods at an intermediate port, and ships them to the place of destination on board another vessel, without the consent of the shipper, and they are lost, he is liable for the loss.*

case, within the law cited from Livermore's Treatise on Agency, vol. 2. page 213, 14, 15 and 17, where it is said, " that if the act of the supercargo and master, be properly referable to his character as master, and respect his duty under the owners of the vessel, it is an act for which they are responsible." And the law cited by the claimant's counsel, from the Louisiana Code, extends this responsibility still further, and gives the shipper a privilege upon the proceeds of the sale of the vessel itself.

We think, therefore, that the decree of the Parish Court, is erroneous, and that the claim of De Bolli, should be preferred to that of the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, so far as it respects the claim of De Bolli, be avoided and reversed ; that he be paid the sum of six hundred and thirty dollars, out of the proceeds of the sale of the schooner Pennsylvania, in preference to the claim of the plaintiff; that the judgment be affirmed in all other respects ; and it is further ordered that the plaintiff and appellee pay the costs of this appeal.